UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERVELIN A. GOMEZ,<br><br>    *Plaintiff,*<br><br>        v.<br><br>LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, L.P.,<br><br>    *Defendants.* | Civil Action No. 17-13708<br><br>ORDER |

      **THIS MATTER** comes before the Court by way of Defendants LVNV Funding, LLC and Resurgent Capital Services, LP's (collectively, "Defendants") Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 113;

      and it appearing that this action arises out of alleged violations of 15 U.S.C.A. § 1692d et seq. (Section 1692d), 15 U.S.C.A. § 1692e et seq. (Section 1692e), and 15 U.S.C.A. § 1692f et seq. (Section 1692f) of the Fair Debt Collection Practices Act ("FDCPA") and of the common law intrusion upon seclusion doctrine, ECF No. 75;

      and it appearing that on December 21, 2022, Defendants moved for summary judgment and Mervelin A. Gomez ("Plaintiff") moved for partial summary judgment, ECF Nos. 98, 100;

      and it appearing that on April 7, 2022, the Court granted Plaintiff summary judgment as to the Section 1692e(2)(A) and 1692f claims but otherwise denied Plaintiff's and Defendants' Motions, ECF No. 112 (the "April 2022 Order");

      and it appearing that the Court, after granting summary judgment on Plaintiff's Section 1692e(2)(A) and 1692f claims, stated that "[a] jury must determine what actual damages, if any, Plaintiff incurred as a result," April 2022 Order;

and it appearing that on May 5, 2022, Defendants filed the instant Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 113;

and it appearing that Rule 60(b) allows a party to seek relief from "a final judgment, order, or proceeding," Fed. R. Civ. P. 60(b);

and it appearing that a decision is not "final" unless it "disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree," Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 150 (3d Cir.1993) (quoting In re Moody, 825 F.2d 81, 85 n.5 (5th Cir. 1987));

and it appearing that, here, Plaintiff's Section 1692d and intrusion upon seclusion claims remain undecided, and the issue of damages regarding Defendants' violation of Sections 1692e(2)(A) and 1692f remains pending, see April 2022 Order;

and it appearing that since the common law claims have yet to be resolved by a trier of fact, the April 2022 Order addressing both parties' motions for summary judgement is not a final judgment;

and it appearing that the lack of a final judgment in this case makes Federal Rule of Civil Procedure 60(b) an inappropriate avenue of relief for Defendants;[1]

---

[1] The appropriate mechanism for the Court to reevaluate the April 2022 Order would have been a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(i). However, Defendants' time to file a Motion for Reconsideration has elapsed as it must be "filed within 14 days after the entry of the order or judgment on the original motion by the Judge. . . ." Local Civil Rule 7.1(i). Further, even if this were a timely Motion for Reconsideration, Defendants have failed to demonstrate (1) a change in the law, (2) new evidence, or (3) a clear error of law or fact; thus, the Motion for Reconsideration would have been denied. Dogan v. Bureau of Prisons, No. 12-1806, 2016 WL 1162373, at *1 (D.N.J. Mar. 23, 2016) (quoting U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014)). Defendants argue that a fact issue exists as to whether the plaintiff actually incurred the underlying debt, making partial summary judgement inappropriate. However, that issue was fully addressed by the Court in the April 2022 Order: "Defendants. . . attempt to manufacture a dispute of material fact through speculation…." April 2022 Order at 6. As the Court explained: "Defendants have presented no evidence to refute Plaintiff's testimony that she did not authorize anyone to use her personal information to obtain the underlying Account and did not receive any money, goods, services, or other benefits related to the [a]ccount…." April 2022 Order at 6, n. 11. The "fact" issues raised here are essentially the same issues raised and rejected previously.

**IT IS** on this 13th day of September, 2022;

**ORDERED** that Defendants' Motion, ECF No. 113, is **DENIED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

Defendants also argue that they did not violate Sections 1692e and 1692f of the FDCPA because there is no independent duty to investigate the validity of a debt. ECF No. 113. The Court has also addressed this issue, finding that this is not a defense to Plaintiff's strict liability claim. April 2022 Order at 4.